# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MARIE HELEN WILLIAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number: |
| v. ) | |
| ) | _____ |
| ) | |
| DAVID STEPHAN CONRAD, ) | |
| ESQ. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT SEEKING DAMAGES
## PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT

(Violations center around defendant's suit and garnishment against the plaintiff on a debt that was previously discharged in bankruptcy.)

### Introduction

1. This action seeks redress for the unlawful, negligent, and wanton practices committed by the Defendant in connection with their efforts to collect a debt discharged by the debtor's bankruptcy. Defendant's conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to illegally garnish the debtor in order to collect a discharged debt. Plaintiff seeks monetary, declaratory and injunctive relief based on Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

2. The violations center around a debt collection suit and garnishment filed by the Defendant's law firm on or around 2006. The Plaintiff had previously filed a bankruptcy case in the Southern District of Alabama, listed the subject debt, and was granted a discharge after successfully completing her Chapter 13 plan.

### Jurisdiction

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United State Code in that this proceeding arises in

1

and is related to the above-referenced Chapter 13 case under Title 11 and concerns property of the debtor in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

6. Plaintiff Marie Helen Williams is a citizen and resident of Mobile County, Alabama, and was a debtor under Chapter 13 of Title 11 of the United States Code. Plaintiff meets the definition of 15 U.S.C. § 1692a(3).

7. Defendant David Stephan Conrad, Esq. ("Conrad") is a lawyer licensed to practice in the State of Alabama with a principal office address of 1406 Dauphin Street, Mobile, Alabama 36604. Defendant is a lawyer in the business of collecting debts and regularly represents General Finance and Acceptance Corporation ("GFAC") and other parties in the collection of debts such as the alleged debt which is the subject of this action. Defendant meets the definition of 15 U.S.C. § 1692a(6).

## Facts

8. On October 11, 1999 the Plaintiff and her (then) husband, Larry Keith Williams purchased a 1991 Dodge Ram from a car lot in Mobile on Pleasant Valley Road. The loan was originally financed by GFAC prior to the filing of the Plaintiff's Chapter 13 petition.

9. The subject matter debt was incurred in Mobile County, Alabama.

10. The Plaintiff is employed in Mobile County, Alabama.

11. On August 18, 2000, the Plaintiff sought protection from their creditors by filing a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Alabama.

12. The 341(a) meeting of creditors was held in Mobile, Alabama on September 21, 2000.

13. The Chapter 13 plan of the Plaintiff was subsequently confirmed by order of this Court dated October 26, 2000.

14. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a secured debt was scheduled in favor of GFAC for the first lien on the debtors' 1991 Dodge Ram in the approximate amount of $3,000. The plaintiff surrendered her interest in the vehicle securing the debt owed to GFAC.

15. At all times alleged herein, the Plaintiff states that the subject debt to GFAC was secured by an automobile which was and is a 1991 Dodge Ram but otherwise not accurately identifiable at the time of the filing of this complaint.

16. On May 19, 2006, the Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiff alleges that this discharge included the debt to GFAC on the subject automobile.

17. Unbeknownst to Plaintiff, Defendant, as attorney for GFAC, filed suit in Baldwin County, Alabama on the subject debt on July 20, 2006.

18. Unbeknownst to Plaintiff, Defendant, as attorney for GFAC, filed an amended complaint on October 13, 2006, adding Plaintiff to said suit.

19. On or about May 18, 2007, notice of effective personal service was filed with the Baldwin County District Court showing that Ms. Williams was served at 651 Azalea Road, Apt. A13, Mobile, Alabama 36609. Although Ms Williams admits she resides at this address, she denies ever receiving a copy of the summons and complaint.

20. Defendant, Conrad filed a motion for default judgment on or about August 10, 2007, with service of said motion noticed to Ms. Williams at 623 Middle Street, Fairhope, Alabama. It is alleged that Conrad knew or should have known that the address for service of the motion for default was incorrect.

21. On March 17, 2010, pursuant to a process of garnishment filed by Defendant, as attorney for GFAC, the Baldwin County District Court sent a notice of garnishment to Plaintiff's employer. The notice of garnishment listed Plaintiff's address as 623 Middle Street, Fairhope, Alabama 36532.

22. On March 25, 2010, Plaintiff's employer returned garnishment answered in the negative based on lack of social security number.

23. On March 20, 2011, the Baldwin County District Court sent a second notice of garnishment to Plaintiff's employer, this time, employer answered in the affirmative and gave notice of compliance with garnishment order against Plaintiff. The notice of garnishment listed Plaintiff's address as 901 Gayfer Street, Fairhope, Alabama 36532.

24. The Plaintiff alleges that on or about the second pay period of June, 2011, she received a pay check from her employer, the Mobile County School Board.

25. The Plaintiff alleges that she noted her check was substantially less than usual.

26. The Plaintiff alleges that she contacted the bookkeeper at the school system to find out why her check was so much smaller than usual.

27. The Plaintiff alleges that it took approximately six phone calls, to various offices of the school board, to finally find out that her paycheck had been garnished.

28. The Plaintiff alleges that the clerk with whom she spoke refused to give any further information about the garnishment and then began belittling her for being garnished. The clerk ultimately told Plaintiff that she needed to hire an attorney if she wanted any more information.

29. The Plaintiff was humiliated, embarrassed and ashamed.

30. The Plaintiff alleges that due to the shortage in her check, over the two months that it has been difficult to buy groceries, causing stress and anguish.

31. The Plaintiff alleges that due to the shortage in her check, it was difficult, without the help of friends and family, to pay her rent and utilities, which caused more anxiety, humiliation and shame.

32. The Plaintiff alleges that due to her inability to make repairs to her automobile, proximately caused by the garnishment of her check, she has been without transportation to pick up her prescriptions or other necessities, which in turn has excited her depression, requiring yet more medication.

33. The Plaintiff alleges that she has had to "hitchhike", bum rides and catch lifts with neighbors, all of which has added to her humiliation and shame.

34. The Plaintiff alleges that she has felt "cheated" because she filed her Chapter 13 bankruptcy to "put all this mess" behind her.

35. Pursuant to the records in the Baldwin County District Court, Defendant, as attorney for GFAC, took a default judgment against Plaintiff's former husband in the subject collection case.

36. Said default order was set aside by the Court upon learning that Plaintiff's former spouse was never served.

37. Plaintiff alleges that she has never been served in this matter, and was completely un-aware of the action, until the noted shortage on her payroll check.

38. Plaintiff alleges that she has never lived at any of the addresses in Baldwin County that Defendant listed as service addresses for her.

39. The actions of the Defendant as alleged herein constitute negligence and willful, intentional, gross and flagrant violations of the provisions of Section 524 of Title 11 of the United States Code.

40. The actions of the Defendant as alleged herein are acts in violation and contempt of the Order of Discharge entered by the Bankruptcy Court.

41. The Plaintiff has been severely agitated, annoyed, traumatized, harassed, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant and has feared losing her residence, due to her inability to timely pay her rent, has suffered a loss of transportation and the ability to buy groceries.

## FIRST CLAIM

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. The allegations of paragraphs 1-41 above are realleged and incorporated herein by reference.

43. The Defendant violated 15 U.S.C. §§ 1692e(2), and 1692f, 1692f(1) by misrepresenting the character, amount or legal status of the debt. This debt was discharged in the previous mentioned bankruptcy, and is no longer a valid debt which can be collected upon. Second, Plaintiff alleges that the acts of suing and garnishing her paycheck were unfair or unconscionable means of collecting a debt and that this was an attempt to collect an amount not authorized or permitted by law.

44.     Furthermore, these violations of the Fair Debt Collection Acts are willful and done with malice in order to collect this debt.

45.     The Plaintiff is therefore entitled to an award of statutory damages, punitive damages and legal fees pursuant to 15 U.S.C. § 1692k.

## SECOND CLAIM

## ADDITIONAL VIOLATIONS OF THE FDCPA

46.     The allegations in paragraphs 1-41 of this complaint are realleged and incorporated herein by this reference.

47.     The Defendant additionally violated the FDCPA.  Defendant's violations include but are not limited to bringing any legal action in a location other than where the contract signed or where the consumer resides, 15 U.S.C. § 1692i(a)(2).  The lawsuit was filed in Baldwin County District Court.  The finance contract was executed in Mobile County and the plaintiff has resided in Mobile County her entire adult life.

48.     As a result of the conduct of the Defendant, Plaintiff has suffered mental anguish and emotional distress.

49.     As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendant respectfully prays of the Court as follows:

A.   That the Plaintiff recover against the Defendant a sum to be determined by the Court in the form of actual damages for its violations of the Fair Debt Collection Act;

B.   That the Plaintiff recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C.   That the Plaintiff recover against the Defendant a sum to be determined by the Court in the form of punitive damages for the willful violations of these acts and to prevent Defendant from making non compliance with Federal and State law a profit center;

    D.    That the Plaintiff recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

    E.    That the Plaintiff has such other and further relief as the Court may deem just and proper.

Date this the 4th day of November, 2011.

                                                  /s/ D.W. Grimsley, Jr.
                                                  D.W. Grimsley, Jr.
                                                  Attorney for Plaintiff

**OF COUNSEL:**
**WOOLLEY, EDGE & GRIMSLEY, LLC**
21 South Section Street
Fairhope, Alabama 36532
Phone: (251) 866-6747
Fax: (251) 281-0369
Email: dwg@wegbk.com

### DEMAND FOR JURY TRIAL

    The Plaintiffs hereby demand a trial by struck jury on all claims so triable before the Court.

                                                  /s/ D.W. Grimsley Jr.

**SERVICE ADDRESS FOR DEFENDANT:**

**Conrad and Barlar**
**1406 Dauphin St.**
**Mobile, AL 36604**